U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

FEB 19 2013

TONY R. MOORE, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

BAYOU MOSQUITO & PEST
MANAGEMENT, LLC

CIVIL ACTION NO: 12-2304

VERSUS

JUDGE DONALD E. WALTER

BELLSOUTH
TELECOMMUNICATIONS, LLC

MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is a Motion to Remand [Doc. #13] filed on behalf of Plaintiff Bayou

Mosquito & Pest Management, L.L.C. ("Bayou"). Defendant, BellSouth Telecommunications,

L.L.C. ("BellSouth") opposes Plaintiff's motion. For the reasons stated herein, Bayou's Motion to

Remand [Doc. #13] is **DENIED**.

### I. BACKGROUND

Bayou filed this breach of contract action in the 5th Judicial District Court, Richland Parish,

Louisiana on August 16, 2012. [Doc. 1-1]. Bayou alleges that when it decided to combine its

telephone, internet, and 1-800 services with BellSouth (doing business as AT&T), a BellSouth

representative informed Bayou that its current toll-free number would be transferred. BellSouth

maintained the number for the duration of the initial 36-month agreement, but the number was lost

when the agreement was renewed. The number was acquired by a different company before

BellSouth could reclaim it. In an effort to prevent removal to federal court, Bayou states in its

complaint that "Plaintiff's damages do not exceed $75,000.00, exclusive of interests and costs."

[Doc. 1-1].

1

BellSouth removed the action to this Court on September 5, 2012, alleging diversity of citizenship jurisdiction. BellSouth attached the Declaration of Richard Freewalt of AT&T to its Notice of Removal in order to demonstrate that the amount in controversy requirement in 28 U.S.C. § 1332 is satisfied. [Doc. 1-3]. In his declaration, Mr. Freewalt states that he spoke with Mr. Worsley of Bayou on September 16, 2011 regarding Bayou's damages from the loss of the 1-800 number. At that time, Mr. Worsley rejected a $5,000 settlement offer and maintained that Bayou's damages totaled at least $200,000. [Doc. 1-3, ¶5]. At a point in time prior to September 16, 2011, Mr. Worsley represented to AT&T that his damages from the incident totaled at least $500,000, including lost business, the cost of developing a new market strategy, the cost to re-brand trucks, and the cost to re-do advertising and billboards. [Doc. 1-3, ¶4]. Mr. Freewalt further indicated in his declaration, executed September 4, 2012, that Mr. Worsely has not provided a lower estimation of his damages than the previously indicated $200,000. [Doc. 1-3, ¶5].

Bayou filed this motion to remand, alleging that this Court does not have subject matter jurisdiction because the amount in controversy does not exceed $75,000. Bayou does not dispute that the parties are completely diverse, but argues that BellSouth has failed to provide sufficient evidence to prove the jurisdictional amount by a preponderance of the evidence.

## II. LAW AND ANALYSIS

A civil action may be removed if the federal court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). In this case, BellSouth alleges that this Court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332. A court may exercise diversity jurisdiction where the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. *Id.* The removing party bears the burden of proving subject matter jurisdiction.

*De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular &
Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). Typically, a plaintiff's good faith
demand establishes the amount in controversy. § 1446(c)(2). In cases where state practice prohibits
a demand for a specific sum of money—as in Louisiana, *see* La. Code Civ. Pro art. 893(A)(1)—the
defendant must prove by a preponderance of the evidence that the amount in controversy exceeds
the jurisdictional amount. *See* § 1446(c)(2); *De Aguilar*, 47 F.3d at 1411.

A defendant can prove that the amount in controversy exceeds the jurisdictional amount in
two ways. First, the jurisdictional amount is satisfied if it is "facially apparent" from the plaintiff's
complaint that their "claims are likely above $75,000." *Garcia v. Koch Oil Co. of Texas, Inc.*, 351
F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.
1995)). Second, the defendant can provide summary judgment type evidence of facts showing that
the amount in controversy exceeded $75,000 at the time of removal. *See Manguno v. Prudential
Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *see also Gebbia v. Wal-Mart Stores, Inc.*,
233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at
the time of removal.")

Once a defendant has established that the amount in controversy exceeds $75,000, a plaintiff
must demonstrate that it is "legally certain that his recovery will not exceed [$75,000]" for remand
to be proper. *In re 1993 Exxon Chemical Fire,* 558 F.3d 378, 387 (5th Cir. 2009) (quoting *De
Aguilar*, 47 F.3d at 1412). This is not a burden shifting exercise—"plaintiff must make all
information known at the time he files his complaint." *Id.*

### A. The Amount in Controversy Exceeds $75,000

In this case, the amount in controversy is not clear from the face of the petition. Therefore,

BellSouth was required to produce summary judgment type evidence showing by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. In addition to providing the declaration of Richard Freewalt, BellSouth attached the Declaration of Lisa Tronchetti from Service Management for AT&T Global to its brief in opposition.[1] Attached to Ms. Tronchetti's declaration are AT&T's customer service records relating to Bayou's complaint about the loss of its 1-800 number. [Doc. 17-1 at 4–13]. The customer service records corroborate Mr. Freewalt's declaration regarding Mr. Worsley's representation of the extent of his damages. From the records, it appears that the last time Mr. Worsley spoke with someone from AT&T regarding this issue in December 2011, he indicated that AT&T's $5,000 settlement offer was "not a drop in the bucket." [Doc. 17-1 at 11].

Several district courts have inferred from a line of Fifth Circuit cases that pre-suit settlement offers are valuable evidence of the amount in controversy. *See Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.,* No. 11-1247, 2011 WL 4499589 (W.D. La. Sept. 23, 2011) (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002)); *see also Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995) (citing *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)); *Scott v. Haggerty,* No. 12-1882, 2012 WL 4370874 (E.D. La. Sept. 24, 2012). In this case, Bayou informed AT&T that its claim was worth at least $200,000. [Doc. 17-1 at 6]. This appraisal was based on the fact that Bayou has eight trucks with the toll-free number printed on them, and printed material and other forms of advertising reflecting the 1-800 number. Bayou represented that it would have to pay to develop a new marketing strategy, since his former number

---

[1] Evidence attached to a brief in opposition to a motion to remand may be treated as an amendment to the notice of removal. *See Willinghma v. Morgan,* 395 U.S. 402, 405 n.3 (1969).

spelled BAYOU BUG and formed the theme for all of its advertising. [Doc. 17-1 at 6]. In addition to the damages relayed to AT&T, Bayou claims damages in the form of "aggravation, humiliation, embarrassment and lost profits" in its petition. [Doc. 1-1, ¶10].

In its motion to remand, Bayou contends that the damages estimation related to AT&T were made in the "heat of the moment as a result of having lost its 1-800 number." [Doc. 13-1 at 4]. Bayou also argues that any demands were made before Bayou had an opportunity to consult an attorney about its legal rights. Accordingly, the demands were not a reasonable assessment of its actual damages.

The Court first notes that Bayou maintained the calculations offered "in the heat of the moment" for at least three months while rejecting AT&T's settlement offer. Additionally, the numbers provided to AT&T do not appear to be clearly inflated. Bayou mentioned that it would have to revamp it's entire advertising strategy, which would include changing the ads on its eight trucks, as well as changing business cards, billboards, phonebook ads, and other forms of advertising. [Doc. 17-1 at 4]. Additionally, Bayou complains of lost business from the busiest season of the year. Therefore, Bayou's demands seem to be an honest and calculated assessment of its claims. It is also noteworthy that Bayou was apparently unwilling to negotiate below $200,000 when it last addressed the matter with AT&T in December 2011. It appears from the record that BellSouth was never provided a damages estimate or demand below the jurisdictional amount.

Bayou also contends the clause in its petition that purports to limit damages to $75,000 provides a more accurate valuation of its claim. As explained below, this clause does not actually limit Bayou's recovery to $75,000. Accordingly, the clause does not provide reliable evidence of the amount in controversy.

The Court finds that BellSouth has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, Bayou's motion to remand must be denied unless Bayou shows to a legal certainty that the it will not recover in excess of $75,000.

## B. It is Not Legally Certain that Plaintiff's Recovery Will Not Exceed $75,000

Bayou argues that it is legally certain that its potential recovery does not exceed $75,000 for two reasons. First, Bayou contends that recovery over the jurisdictional amount is foreclosed by the clause in its petition stating that "Plaintiff's damages do not exceed $75,000, exclusive of interest and court costs." [Doc. 1-1, ¶11]. Second, Bayou argues that the amount in controversy is ambiguous, and therefore the Court should consider a post-removal affidavit and correspondence with opposing counsel regarding a stipulation that damages don't exceed $75,000. [Doc. 13-1 at 6].

This Court addressed similar arguments in *Griffin v. Georgia Gulf Lake Charles, L.L.C.*, 562 F.Supp.2d 775, 779 (W.D. La. 2008). In that case, the plaintiff alleged in his complaint, and swore in an accompanying verification, that his claims were for less than $75,000. The defendant removed the case to federal court, alleging diversity jurisdiction. This Court found it facially apparent from the petition that the amount in controversy exceeded $75,000. *Id.* Addressing plaintiff's argument that an allegation in his petition and accompanying sworn verification stating that the damages did not exceed $75,000 precluded diversity jurisdiction, this Court noted that "Because Louisiana plaintiffs are not limited to recovery of the damages listed in their pleadings, a plaintiff must make a judicial confession by affirmatively waiving the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Id.* In this case, as in *Griffin*, the allegation that the damages do not exceed $75,000 does nothing to actually prevent Bayou from recovering an award over that amount under Louisiana law.

6

Bayou also argues that the affidavit of Ben Norris of Bayou attached to its motion to remand proves to a legal certainty that Bayou will not recover more than $75,000. Therein, Mr. Norris swore that he authorized counsel for Bayou to "plead that the damages of Bayou Mosquito & Pest Management, LLC do not exceed $75,000.00 , exclusive of interest and costs." [Doc. 13-3]. Even if this Court found the amount in controversy to be ambiguous, as Bayou contends, and decided to consider post-removal evidence, Mr. Norris's affidavit fails to demonstrate to a legal certainty that Bayou will not recover more than $75,000 for the same reason that the clause in its petition does. In order to prevent removal, a plaintiff must make a judicial confession by *affirmatively waiving* damages in excess of the jurisdictional amount. Bayou's indication that its damages do not exceed $75,000 does not constitute a binding judicial confession that, if the court were to award more than $75,000 after a trial on the merits, Bayou would not accept the excess.

BellSouth has met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Because Bayou is unable to prove to a legal certainty that it will be unable to obtain an award over $75,000, the Court finds that the jurisdictional amount is satisfied.

### CONCLUSION

For the reasons stated herein, it is the finding of the Court that the amount in controversy requirement in 28 U.S.C. § 1332 is satisfied. Accordingly, Plaintiffs' Motion to Remand [Doc. #11] [Doc #13] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 14 day of February, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

7