**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| **BAYOU MOSQUITO & PEST MANAGEMENT, LLC** | * | **CIVIL ACTION NO. 12-2304** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BELLSOUTH TELECOMMUN-ICATIONS, LLC f/k/a BELLSOUTH TELECOMMUNICATIONS, INC. f/k/a SOUTHERN BELL TELEPHONE AND TELEGRAPHIC COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) [doc. # 15], filed by Defendant BellSouth Telecommunications, LLC ("BellSouth"). The motion is opposed. For reasons explained below, it is recommended that the motion be DENIED.

**Background**

On August 15, 2012, Bayou Mosquito & Pest Management, LLC ("Bayou") filed the instant "Suit on Contract" against BellSouth in the 5th Judicial District Court for the Parish of Richland, State of Louisiana. (Compl. [doc. # 1-1]). Plaintiff alleges that in July 2008, it decided to combine its telephone, internet, and 1-800 services with BellSouth d/b/a AT&T (referred to interchangeably as "BellSouth" or "AT&T"). *Id.*, ¶ 4. To become an AT&T subscriber, Plaintiff had to accept an "Agreement" and select a term. *Id.*, ¶ 6. Plaintiff opted for a 36 month term. *Id.* At the end of the initial term, the Agreement automatically renewed for another 36 months, unless canceled by the subscriber. *Id.*, ¶ 7.

Plaintiff's previous 1-800 service provider was Tri-Arch. *Id.*, ¶ 5. An AT&T agent assured plaintiff, however, that AT&T would secure the use of the 1-800 number, so long as the Agreement remained in effect. *Id.*, ¶¶ 5, 8. However, in August 2012, after renewal of the initial 36 month term, AT&T advised Plaintiff that it had been unable to retain the number. *Id.*, ¶ 9. As a result of AT&T's failure to secure its 1-800 number, Plaintiff has incurred damages for increased marketing expenses, aggravation, humiliation, embarrassment, and lost profits. *Id.*, ¶ 10.

On September 5, 2012, BellSouth removed this matter to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). The parties are completely diverse.[1] Moreover, Plaintiff's allegation to the contrary notwithstanding, *see* Compl., ¶ 11, the amount in controversy exceeds the jurisdictional minimum. (Feb. 19, 2013, Mem. Ruling [doc. # 24]).

On October 3, 2012, BellSouth filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Bayou filed its opposition on November 28, 2012. [doc. # 20]. BellSouth filed its reply on December 13, 2012. *Id.* Thus, the matter is ripe.

## Discussion

### I. 12(b)(6) Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is

---

[1] In response to court order [doc. # 29], BellSouth filed an amended notice of removal establishing that Plaintiff is a Louisiana citizen and Defendant is a citizen of Georgia. *See* Amend. Notice of Removal [doc. # 30].

entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations

and internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert, supra*.[2] Even if a plaintiff fails to oppose a 12(b)(6) motion, the court still is obliged to assess the legal sufficiency of the complaint. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (citations omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## II. Analysis

BellSouth sets forth three grounds in support of its motion to dismiss: 1) Plaintiff's complaint does not allege sufficient facts to state a cause of action for breach of contract or fraud; 2) to the extent the complaint attempts to allege a claim for breach of an oral promise, Plaintiff is barred from doing so because of a merger clause contained in the parties' Agreement; and 3)

---

[2] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

even if the complaint set forth the requisite elements for a fraud claim, it is prescribed.

a) Plaintiff Disclaims any Tort-Based Claims

As an initial matter, the court observes that Plaintiff has disavowed any intention to bring a fraud claim "in any manner." (Pl. Opp. Memo., pg. 5). Moreover, although Plaintiff's factual allegations potentially suffice to state an alternative claim for negligent misrepresentation,[3] Bayou makes it clear that its case is grounded in contract. *Id*. As master of its complaint, which is denominated as a "Suit on Contract," Plaintiff is free to make that election. Accordingly, the court will accept Plaintiff's representation, and construe its cause of action as arising solely *ex contractu*. Therefore, BellSouth's argument(s) relating to Plaintiff's non-asserted claim for fraud are superfluous and moot.

b) Plaintiff' Complaint States a Claim for Breach of Contract

Plaintiff seeks recovery against BellSouth for breach of contract, which, in Louisiana,[4] requires proof of three elements: "(1) that the obligor undertook an obligation to perform; (2)

---

[3] To set forth a claim for negligent misrepresentation under Louisiana law:

> (1) there must be a legal duty on the part of the defendant to supply correct information; (2) there must be a breach of that duty, which can occur by omission as well as by affirmative misrepresentation; and (3) the breach must have caused damages to the plaintiff based on the plaintiff's reasonable reliance on the misrepresentation.

*Kadlec Medical Center v. Lakeview Anesthesia*, 527 F.3d 412, 418 (5th Cir. 2008) (citation omitted); *see also Dousson v. S. Cent. Bell*, 429 So. 2d 466 (La. App. 4th Cir. 1983) (affirming award of damages against telephone company for its negligent failure to retain a desired telephone number).

[4] Both sides analyzed Plaintiff's claims pursuant to Louisiana law. Therefore, they implicitly agree that the disputed issues are governed by the substantive law of Louisiana. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012) (applied Texas law where neither side disputed that Texas law applied).

that the obligor failed to perform the obligation (the breach); and (3) that the failure to perform resulted in damages to the obligee." *Walker v. Pelican Pub. Co., Inc.*, Civ. A. No. 10-4389, 2011 WL 2976271 (E.D. La. July 22, 2011) (citation omitted). Here, Bayou alleges that BellSouth promised to secure and retain Bayou's 1-800 number,[5] but failed to do so, which has caused Plaintiff resulting damages. *See* Compl. Hence, the complaint provides BellSouth with fair notice of Plaintiff's breach of contract claim – Defendant's protestations notwithstanding. *See* Fed.R.Civ.P. 8.

c) BellSouth's Merger Clause Does Not Bar Plaintiff's Breach of Contract Claim as a Matter of Law

Nevertheless, BellSouth maintains that even if Plaintiff's complaint states a claim for breach of contract, the claim is precluded by BellSouth's terms of service, incorporated by reference into BellSouth's subscriber agreements. *See* FastAccess Business DSL Lite Term Agreement; M/Dismiss, Exh. A. In particular, BellSouth's Business Services Agreement contains a merger clause which provides,

> Entire Agreement. This Agreement constitutes the entire agreement between AT&T and You concerning the Services and supercedes all other written or oral agreements. This Agreement may only be modified as set forth above, and in no case can be modified or supplemented by any other written or oral statements, proposals, service descriptions or purchase order forms.

(AT&T Business Services Agreement, ¶ 11(g); M/Dismiss; Exh B).[6]

---

[5] Although not obliged to do so in response to a 12(b)(6) motion, the court observes that Plaintiff adduced evidence that it completed certain AT&T forms apparently to assist AT&T with its efforts to secure Bayou's 1-800 number. *See* Letter of Authorization, Place/Remove Local/Long Distance Carrier Freeze and at&t [sic] Basic Service Order Form for National Distributors; Pl. Opp. Memo., Exhs. C & D. The court need not consider this evidence, however, because at this stage of the proceedings, the court may rely on Plaintiff's factual allegations to the same effect.

[6] Plaintiff contends that the court should not consider BellSouth's Business Services Agreement in connection with the instant motion because the Business Services Agreement was

BellSouth stresses that under Louisiana law, a merger clause bars introduction of evidence purporting to vary the terms of a written agreement. Indeed, the Civil Code provides that "[t]estimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature." La. Civ. Code Art. 1848. However, parol evidence may be admitted "when the written agreement is manifestly incomplete and is not intended to constitute the entire agreement between the parties." *Condrey v. SunTrust Bank of Georgia*, 429 F.3d 556, 563 (5th Cir. 2005) (citations omitted).

Here, AT&T's Business Services Agreement states that it "applies to the AT&T Services to which You subscribe . . ." (AT&T Business Services Agreement, Preamble; M/Dismiss; Exh B). If further specifies that "AT&T will provide Services to You . . ." *Id.*, ¶ 2. "Services means the retail business services offered by AT&T pursuant to this Agreement." *Id.*, ¶ 1(e). As the Business Services Agreement does not specify the services provided, it remains incomplete. Thus, parol evidence is necessary to fill the gap. Plaintiff alleges that the missing terms include AT&T's promise to secure and retain Plaintiff's 1-800 number, which logically implies an agreement to provide 1-800 service, – a promise which AT&T failed to fulfill.[7]

The court observes in the alternative that "in the interest of justice . . . evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement." *Id.* Error constitutes a vice

---

incorporated into BellSouth's DSL Agreement which is not the basis for Plaintiff's suit. BellSouth points out, however, that Plaintiff adduced a Complete Choice for Business Term Plan Subscriber Program Agreement ("Complete Choice Agreement") which also incorporates the terms of AT&T's Business Services Agreement. *See* Pl. Opp. Memo., Exh. A. In other words, the Business Services Agreement is part of the Agreement referenced in Plaintiff's complaint, and thus, properly considered by the court. *See Collins, supra*.

[7] Furthermore, the Complete Choice Agreement expressly contemplates the exchange of unspecified "mutual promises and consideration." Pl. Exh. A.

of consent. La. Civ. Code Art. 1948. Moreover, "[e]rror vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." La. Civ. Code Art. 1949.

Here, Bayou alleged that it intended to combine its telephone, internet, and 1-800 services with AT&T. (Compl., ¶ 4). Furthermore, AT&T represented to Bayou that AT&T would secure Bayou's 1-800 number so long as the "Agreement" remained in effect. *Id.*, ¶ 9. Thus, BellSouth knew, or should have known of the 1-800 number's central role behind Bayou's decision to bind itself to the Agreement. As a result, Plaintiff may rely on BellSouth's extra-contractual promise to establish the absence of cause, and therefore error, which vitiates Plaintiff's consent to BellSouth's Business Services Agreement, including its embedded merger clause.

d) Plaintiff's Complaint also States a Claim for Detrimental Reliance

Although not argued by Plaintiff, but consistent with its contract-based theory of recovery, the court further observes that Plaintiff's complaint sets forth sufficient facts to support a claim for detrimental reliance. *See Stokes v. Georgia-Pacific Corp.*, 894 F.2d 764, 770 (5th Cir. 1990) (detrimental reliance claim resides on the contract side of the contract-tort divide). Under Louisiana law,"[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. Civ. Code Art. 1967 (in pertinent part). To prevail on a claim for detrimental reliance, plaintiff must prove the following by a preponderance of the evidence: "(1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely upon it; (3) justifiable reliance by the promisee; and (4) a change in position to the promisee's detriment because of the reliance." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007) (citation omitted). Detrimental reliance claims are not favored in Louisiana; therefore, they must be examined strictly and carefully. *Id.*

Here, Plaintiff alleges that it was assured by an AT&T/BellSouth agent that AT&T/BellSouth would secure the use of the 1-800 number, so long as the Agreement remained in effect. *Id.*, ¶¶ 5, 8. Because the promise was made in connection with AT&T's efforts to woo Plaintiff's internet, telephone, and 1-800 business, AT&T should have expected Plaintiff to rely on the promise. Furthermore, Plaintiff justifiably relied upon the promise because its 1-800 number continued to work for some three years after switching service to AT&T.[8] Finally, it is apparent that Plaintiff terminated its 1-800 service with Tri-Arch because of AT&T's representation that it would secure Plaintiff's 1-800 number.

**Conclusion**

For the above-assigned reasons, the court finds that Bayou has alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence to support the elements of its contract-based claims. *Twombly, supra*. Furthermore, BellSouth has not otherwise established that Plaintiff's claims are precluded as a matter of law. Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) [doc. # 15], filed by Defendant BellSouth Telecommunications, LLC, be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

---

[8] The court notes that the merger clause could be used to refute the reasonableness of Plaintiff's reliance on AT&T's oral promise. However, for reasons discussed, *supra*, the merger clause is not dispositive at this stage of the proceedings. *See Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1328 (5th Cir. 1994) (merger clause does not preclude, per se, parol evidence as to other possible agreements and/or representations between the parties); *LaSalle Parish Sch. Bd. v. Allianz Global Risks U.S. Ins. Co.*, Civ. A. No. 07-0399, 2008 WL 1859847 (W.D. La. Apr. 24, 2008) (inadequate basis to determine the detrimental reliance claims at this stage, so the Rule 12(b)(6) motion cannot be granted).

The court also observes that there is evidence in the record that AT&T never billed Plaintiff for the 1-800 service. *See* Exhs. to Decl. of Lisa Tronchetti; Def. Opp. to M/Remand [doc. # 17]. This evidence, however, falls outside the scope of the instant 12(b)(6) motion, and, in any event, merely creates a factual issue regarding the reasonableness of Plaintiff's reliance.

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 6th day of June 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE